UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEILA WEBSTER, | ) |
| Claimant, | ) |
| vs. | ) Case No. 2:18-CV-0372-CLS |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Claimant, Sheila Webster, commenced this action on March 9, 2018, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by

substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated her credibility and complaints of subjective symptoms. Upon review of the record, the court concludes that contention lacks merit, and the Commissioner's ruling is due to be affirmed.

To demonstrate that pain or another subjective symptom renders her disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony of pain, "[s]he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)) (alteration supplied).

The ALJ in the present case properly applied these legal principles. She found that claimant's medically determinable impairments could reasonably have been expected to produce some of the symptoms claimant alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence in the record.[1] This

---

[1] Tr. 22.

conclusion was in accordance with applicable law. *See Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) ("*After* considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.") (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (emphasis supplied).

The ALJ also adequately articulated reasons to support her findings. She reasoned that claimant's complaints were inconsistent with the medical evidence, including relatively infrequent doctor visits and the absence of any assessment of disabling limitations from a treating or examining physician.[2] Claimant contends that those findings were not supported by substantial evidence because the ALJ focused only on her reports of back pain relief without also considering her complaints of continued and worsening leg pain. The record does not support that argument, because the ALJ's administrative decision discussed *both* claimant's reports of relief from back pain *and* her complaints of continuing leg pain.[3] The ALJ considered *all* of claimant's medical records, including those in which she reported temporary relief from treatment and those in which she reported returning symptoms. The ALJ also considered that objective medical testing revealed that claimant experienced

---

[2] Tr. 24.
[3] Tr. 23.

degenerative disc disease.[4] Those findings indicate that claimant has a back condition and likely experiences pain, but the mere existence of a medical condition, or of some pain resulting from that condition, does not support a finding of disability. Instead, the relevant consideration is the effect of claimant's condition, considered in combination with any of her other impairments, on her ability to perform substantial gainful work activities. *See* 20 C.F.R. § 416.905(a) (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)) (alteration supplied). The record indicates that the functional effects of claimant's condition were not as great as the level of symptoms she subjectively alleged. Claimant's clinical examinations consistently reflected normal gait, station, and range of motion; full motor strength; and no weakness or balance problems.[5]

In summary, the ALJ properly considered claimant's subjective complaints.

---

[4] *See* Tr. 23, 226, 271-72, 287-88.
[5] *See* Tr. 213-372.

The ALJ's decision, which was based upon substantial evidence and in accordance with applicable legal standards, is due to be affirmed. An appropriate order will be entered contemporaneously herewith.

DONE this 1st day of November, 2018.

_____
United States District Judge